UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SANDRA L. DIVIETRO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 3:04cv0686 AS |
| | ) | |
| TRUTH PUBLISHING COMPANY, INC., | ) | |
| | ) | |
| Defendant | ) | |

*MEMORANDUM OPINION AND ORDER*

This court heard extended oral arguments at a hearing in South Bend, Indiana on June 8, 2006 which were enlightening, to say the least. This case commenced on November 5, 2004 with the filing of a complaint which purported to allege employment discrimination based on age under 29 U.S.C. §621 et seq. At this writing, there are 56 items on the docket sheet. Basically what plaintiff's counsel attempted to do in the aforesaid hearing was piece together from a wide array of deposition-type proof to make an argument that would meet the test under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). While the plaintiff's argument focused on fragments of the evidence, the defendants focused on the relative law.

That hearing and this court's attention must now be directed to the motion for summary judgment by the defendant under Rule 56 of the Federal Rules of Civil Procedure (Fed.R.Civ.P.). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55. Applying the above standard, this Court addresses defendant's motion. It is a very close question as to whether plaintiff's counsel has pieced together enough to avoid summary judgment.

During the proceedings, numerous cases were mentioned including two very recent ones emanating from this court. One was *Lewis v. Ziker*, 2006 W.L. 1520660 (7th Cir. Ind.), an unpublished decision dated May 31, 2006. On the same day, the same court issued a published decision in *Lax v. City of South Bend*, No. 05-4200. *Ziker* in an unpublished decision in an employment context dealing with a collective bargaining agreement, not exactly the case here, affirmed this court's grant of summary judgment. Contrawise in *Lax*, the court reversed the granting of summary judgment in a case also emanating from this court under 42 U.S.C. §1983. Unless the Congress takes action, unpublished memorandum decisions of the Court of Appeals are fair game for citation. See Federal Rule of Appellate Procedure 32.1. There remains a practical difference between those decisions published by the Court of Appeals and those that are not. This case does not turn on that distinction but it is useful, at least to this court, to notice that the summary judgment reversal was the one published by a very distinguished panel of the Court of Appeals.

3

The context of this case has to do with a key person of this publishing company in Elkhart, Indiana engaged in the process of selling advertising space in its newspaper. It is not for this court to become the employment personnel director of that nearby local newspaper. It is for this plaintiff to make at least an arguable case that might go to a jury to avoid summary judgment. Certainly if one wants to look in detail at the deposition evidence which has been argued and discussed both in writing and in the court proceeding, one can certainly find elaborate justification for the actions taken by this publishing company in regard to the employment of Sandra L. Divietro. There is a basic burden under Rule 56, Fed.R.Civ.P. that indeed the depositions and record must be examined in a light favorable to the plaintiff. It is beyond any doubt that the Age Discrimination and Employment Act (ADEA) makes it unlawful for an employer to discharge an individual because of the employee's age. 29 U.S.C. §623(a)(1). There is no dispute that this plaintiff is in the protected age category. There is a so-called "but for" standard which appears in many decisions. The Supreme Court of the United States has ruled that age must actually play a role in the employer's decision-making process and have a determinative influence on the outcome. Thus, the Supreme Court has seemed to generally employ the so-called "but for" test. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000). In this circuit see *Chiara Monte v. Fashion Bed Group, Inc.,* 129 F.3d 391 (7th Cir. 1997). One of the methods of proof versus the so-called direct method system, *see Radue v. Kimberly-Clark Corp.*, 219 F.3d 612 (7th Cir. 2000). Try as he might, the plaintiff's counsel is hard pressed to make a

4

direct evidence case here. In fact, the plaintiff's prima facie case under *McDonnell Douglas* is thin, but perhaps not non-existent. It survives only because of the necessity of reading the factual record and the depositions in the light favorable to this plaintiff. This plaintiff may have a very hard time in meeting the burden of persuasion to finally succeed before a trier of fact. But, alas, there is probably enough to resolve those doubts in favor of letting the plaintiff have right and exercise very important constitutional values under the Seventh Amendment of the Constitution of the United States. *See Latino v. Kaizer*, 58 F.3d 310 (7th Cir. 1995).

One of the lines that must be drawn in this case now or later is the line between the right of the employer to manage and arrange work tasks in an efficient manner on the one hand, and the rights of employees including this plaintiff might have under the ADEA on the other. That is not an easy line to draw in this case. Certainly the Congress of the United States in enacting the ADEA had to understand that there is a tendency in many people at many points in the human aging cycle to have resistance to change. Whether those tendencies are relevant may depend upon the factual setting in a particular case. Those very human tendencies are best considered, where relevant, by a jury.

There is an obvious attempt here to prove that there was systematically more favorable treatment toward similarly situated employees not sharing the protected characteristics. One of the items mentioned in this regard is how it works out with the treatment of employees younger than this plaintiff who are still in the protected age category under ADEA. That is

a more difficult one that has indeed been a concern in the Supreme Court. *See Reeves*, *supra*. The defendant asserts that the plaintiff cannot show that any advertising sales representative under the age of 40 reacted in a similar manner to those charges but was not terminated. That means a similar manner to this plaintiff. It appears that this plaintiff is hard pressed in that narrow but important area.

The defendant's counsel ought to be complimented on a very thorough examination of the relevant case law and they have packaged together a highly appealing argument that may well succeed here in the final analysis. It is to be hoped that the plaintiff in this case has more than just the stray remarks of former manager Pat Kossler. These stray remarks may well be too slender a reed to uphold any verdict in favor of this plaintiff. *See O'Connor v. DePaul University*, 123 F.3d 665 (7th Cir. 1997). *See also Indurante v. Local 75 Int'l Brotherhood of Teamsters*, 160 F.3d 364 (7th Cir. 2000). The dissent in *Indurante* shows how close these questions can be. It also may be very difficult for those stray remarks to become a basis for establishing pretext. *See Frotier v. Ameritech* Mobile *Communications, Inc.*, 161 F.3d 1106 (7th Cir. 1998).

This is an incredibly close case in the hands of some extremely capable lawyers on both sides. The most recent decision known to this court at this time is *Lax*. The closing comments of Judge Posner in *Lax* at page three of the slip opinion should cause restraint here. There it is said as follows:

> "The plaintiff would have demonstrated that if he proved certain
> facts consistent with his complaint, he would be entitled, at least

> prima facie (for the defendant might have good affirmative defenses), to relief. But once the case has moved beyond the pleading stage, the plaintiff cannot ward off an adverse judgment by asserting hypothetical facts. He needs evidence. Well, Lax had evidence-his affidavit. The affidavit was vague, and the district judge could have asked for more detail, but did not. What the judge could not properly do was equate vagueness to an absence of evidence, especially when the plaintiff, by indicating what he hoped to prove, made clear that the vagueness of his affidavit was not an acknowledgment that the officer had not used excessive force. The district judge thus erred in granting summary judgment for the officer, though in all other respects the decision is correct."

*Lax,*, slip op. at page 3. It thus appears that *Lax* was a very close case that turned on the very precise nature of the plaintiff's affidavit there. This court does not need any more detail, it already has that in abundance. What this court has is some bits and pieces of depositions that collectively might arguably create a thin but surviving prima facie case for this plaintiff. So, very reluctantly, this court **DENIES** the summary judgment motion filed by the defendant. Certainly these issues may well be revisited at the end of the plaintiff's case before a jury when a directed motion verdict is lodged. That, obviously, is for the future.

Some argument might be advanced that the statements made under oath by Sandra L. Divietro in the affidavit filed here on December 8, 2005 might be in some tension with some of her testimony in her deposition. This is obviously a lawyer-drawn affidavit, and certainly one would think that extremely able, experienced and competent counsel would attempt to guide around *Babrocky v. Jewel Food Co.*, 773 F.2d 857 (7th Cir. 1985). The case may be a close one, but this court chooses not to bottom any decision on any attempt to create an

7

issue of fact by inconsistent statements of the plaintiff. Obviously those alleged inconsistencies may be fair game when this plaintiff testifies before a jury and is cross examined by lawyers for the defendant employer. The consideration of this case and the ruling render **MOOT** the various motions to strike filed by the plaintiff preliminary to this point in this case and such are **OVERRULED** as moot. It would behoove these very talented lawyers to engage in a deep therapeutic session based on reality to determine whether this conflict between employee and employer at this publishing company can be resolved without further use of the federal judiciary. For that purpose, this matter is now **REFERRED** to Magistrate Judge Christopher A. Nuechterlein for an appropriate settlement conference which will take place and conclude before this case is set for trial by jury. Given this court's array of criminal cases in the immediate future, it is unlikely this case can be realistically set until the middle of 2007.

    **IT IS SO ORDERED**.

    **DATED:** June 14, 2006

                                              **S/ ALLEN SHARP**
                                              **ALLEN SHARP, JUDGE**
                                              **UNITED STATES DISTRICT COURT**

cc: The Honorable Christopher A. Nuechterlein